**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
D<small>ANVILLE</small> D<small>IVISION</small>

| | |
|---|---|
| GLAS TRUST COMPANY LLC, *in its capacity as Note Trustee*,<br><br>Plaintiff,<br><br>v.<br><br>CARTER BANK & TRUST,<br><br>Defendant. | Civil Action No. 4:24-cv-00005 |

**DEFENDANT'S AMENDED MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Rule 9 of the Local Rules of the United States District Court for the Western District of Virginia, Defendant Carter Bank & Trust ("Carter Bank"), by counsel, moves the Court for an Order sealing from public disclosure until the dismissal or other resolution of this case the following document: Carter Bank's unredacted Exhibit 1 to its Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6).

**Legal Standard**

The Fourth Circuit has established both substantive and procedural requirements that a district court must follow in reviewing a motion to seal materials or testimony. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court must determine the source of the public's right to access and then weigh the appropriate competing interests. *Id*. Procedurally, the district court must: (a) provide notice to the public and give the public an opportunity to object to the sealing, (b) consider less drastic alternatives to sealing, and

(c) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). These prerequisites are satisfied here.

### A. Bases for Sealing

The right of the public to access documents or materials filed in a district court derives from two sources – the common law and the First Amendment. *Washington Post*, 386 F.3d at 575. While the common law recognizes a general right to inspect and copy public records and documents, including judicial records and documents, that right is not absolute and courts may properly deny access to court records and files where such access "might become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). Whether to allow access to court records under the common law right of public access is "left to the sound discretion of the court . . . in light of the relevant facts and circumstances of the particular case." *Id*. at 598.

In particular, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Id*. Thus, the common law presumption of common law access to all judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). A corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Here, Carter Bank seeks to seal Exhibit 1 to the Motion to Dismiss, which is the Standstill and Forbearance Agreement ("Standstill Agreement") entered into by numerous parties, including Bluestone Coal Sales Bluestone Resources, and Blackstone Energy ("the Bluestone Entities), and James C. Justice II, Cathy L. Justice, and James C. Justice, III (the "Justice Family") – all of whom

are non-parties to this litigation. This document contains confidential information, namely financial statements and related financial information of the Bluestone Entities and their affiliates, as well as the Justice Family. In addition, the Standstill Agreement contains confidential proprietary information about the Bluestone Entities' business. The Bluestone Entities are non-parties to this litigation.

### B. Public notice

The filing of this Motion to Seal will provide the public with notice. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

### C. Why alternatives are inadequate.

Carter Bank requests sealing of the Standstill Agreement because it contains confidential business information that cannot be feasibly redacted from the agreement. Specifically, the Standstill Agreement contains confidential financial information and proprietary business information throughout concerning the nature of the Justice Family's and Bluestone Entities' business and their financial position.

Sealing these documents is necessary to avoid the public disclosure of information because no procedure other than filing under seal will be sufficient to preserve the confidentiality of the information. *See, e.g.*, *Walker Sys., Inc. v. Hubbell Inc.*, 188 F.R.D. 428, 429 (S.D.W. Va. 1999) ("Where . . . the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders [to seal] should be granted, especially in cases between direct competitors." (citing *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) and Fed. R. Civ. P. 26(c))).

### D. Duration of Sealing.

Carter Bank seeks sealing of the Standstill Agreement until the conclusion of this case, whether by dismissal or resolution after a trial of the matter and the resolution or expiration of any subsequent appeal period.

### E. Specific Findings

As stated above, Carter Bank represents that the confidential document, which has been appropriately marked and restricted by the Clerk pending the final resolution of this matter, contains confidential and sensitive business information relating to the Bluestone Entities, including confidential financial information. As recognized by Fed. R. Civ. P. 26(c) and caselaw, it is appropriate for federal courts to protect the confidentiality of information such as that referenced in this document, and there is no competing interest which would justify disclosure of this information. Absent information to the contrary, the parties' desire to protect sensitive information outweighs the public's common law right to access judicial documents, thereby justifying sealing the confidential documents at issue in this motion.

Given the confidential nature of the document and the necessity of filing the document with the Court, there is no alternative other than filing under seal that will protect such information from disclosure to the public. The confidential and sensitive nature of the document outweighs the public's right of access to judicial records in this case. Carter Bank therefore seeks the sealing of Exhibit 1 to the Motion to Dismiss pursuant to Local Civil Rule 9 until the resolution of this case, whether by dismissal or a decision on the merits, to include any appeal The parties to this action may take such actions as they deem necessary at the conclusion of this matter to retrieve or otherwise protect the sealed document from disclosure.

**Conclusion**

For the foregoing reasons, Carter Bank respectfully requests that the Court grant its motion to seal and enter the attached proposed Order providing for the sealing of Exhibit 1.

Dated: April 3, 2024    Respectfully Submitted,

        CARTER BANK & TRUST

        /s/ *Robert A. Angle*
        Robert A. Angle, VSB No. 37691
        Megan E. Burns, VSB No. 35883
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        1001 Haxall Point, 15th Floor
        Richmond, VA 23219
        Telephone: (804) 697-1246
        Email: robert.angle@troutman.com
        Email: megan.burns@troutman.com
        *Counsel for Defendant Carter Bank & Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of April, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy of the foregoing to all registered parties.

/s/ *Robert A. Angle*
Robert A. Angle, VSB No. 37691
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point, 15th Floor
Richmond, VA 23219
Telephone: (804) 697-1246
Email: robert.angle@troutman.com
Email: megan.burns@troutman.com
*Counsel for Defendant Carter Bank & Trust*

170288171